IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RON HUNT, | |
| Plaintiff, | |
| v. | Civil Case No.: PWG-13-1043 |
| PAUL F. KADLICK, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Supplemental Motion for Summary Judgment and supporting Memorandum filed by Plaintiff Ron Hunt, ECF No. 13; the Opposition to Plaintiff's Motion and the Cross Motion for Summary Judgment filed by Defendants Paul Kadlick, Gokhan Akkus, and AKA, Inc., ECF No. 14; Plaintiff's Opposition to Defendants' Cross Motion and Plaintiff's Reply to Defendants' Opposition, ECF No. 19; and Defendants' Reply to Plaintiff's Opposition to Defendants' Cross Motion, ECF No. 17. The Court finds a hearing unnecessary in this case. *See* Loc. R. 105.6. For the reasons stated herein, all Motions for Summary Judgment shall be DENIED WITHOUT PREJUDICE.

### I. BACKGROUND

This case is among several actions involving transactions where Defendants borrowed money from Plaintiff to open a nightclub in the District of Columbia. *See* Compl., ECF No. 3. Perhaps the only fact not in dispute is that it never opened. *See id.* ¶ 17; *see also* Defs.' Opp'n & Cross Mot. 2. In these transactions, Defendants executed two Promissory Notes, on May 5, 2010

(the "2010 Note") and February 11, 2012 (the "2012 Note" or "Instrument"), and a Security Agreement on February 11, 2012. *See id.* The principal on the two Notes totals approximately $812,000. *See* Instrument 1-2, Pl.'s Mem. Ex. A, ECF No. 13; 2010 Note 3-4, Pl.'s Mem. Ex. B, ECF No. 13. The Security Agreement provided collateral on the 2012 Note and was executed on the same day. *See* Security Agr. 5-6, Pl.'s Mem. Ex. C, ECF No. 13. The Security Agreement granted Plaintiff a security interest in District of Columbia Alcoholic Beverage Regulation Administration License #84241 ("ABC License #84241"). *Id.* By their express terms, the two Notes were to be repaid in installments beginning thirty days after Defendants opened their nightclub. *See* Instrument 1-2, Pl.'s Mem. Ex. A; 2010 Note 3-4, Pl.'s Mem. Ex. B. As noted, to date, the nightclub has not opened. *See* Compl. ¶ 17; Defs.' Opp'n & Cross Mot. 2.

Plaintiff filed a three-count complaint on March 5, 2013 in the Circuit Court for Prince George's County, Maryland. *See* Notice of Removal, ECF No. 2. On April 8, 2013, Defendants removed the action to this Court. *Id.* In Count I, Plaintiff seeks over $769,514 in the form of a judgment by confession, supported by the 2012 Note, which contains the authorization for entry of judgment by confession signed by Defendants, for the principal due, interest, late fees, and attorneys' fees on that Note. *See* Compl. ¶¶ 9, 13. In Count II, Plaintiff seeks $72,000, plus costs and fees, for alleged default on the 2010 Note. *Id.* ¶ 22. In Count III, Plaintiff prays for the return of ABC License #84241 as its security interest under the February 11, 2012 Security Agreement. *Id.* ¶ 30.

Defendants answered the complaint on April 26, 2013, ECF No. 7. On May 23, 2013, Plaintiff, without an entry of judgment by confession for Count I, moved for summary judgment as to Counts II and III, ECF No. 13. Defendants filed their opposition to the motion together with a cross-motion for summary judgment as to all three counts, ECF No. 14. Plaintiff replied

2

together with an opposition to Defendants' cross-motion, ECF No. 19. Defendants replied to that opposition, ECF No. 17. This Court stayed discovery after the Rule 16 Telephone Conference on May 13, 2013. *See* Paperless Order, ECF No. 11, *as amended by* ECF No. 12.

## II. DISCUSSION

### A. Entry Of Judgment By Confession (Count I)

The entry of judgment by confession is governed by District of Maryland Local Rule 108.1. That Rule contemplates that the moving party will file a complaint requesting a judgment by confession together with the relevant written instrument and attachments. Loc. R. 108.1(a). The Court then reviews the submission for sufficiency under Loc. R. 108.1(b). If satisfied, the Court directs entry of judgment by confession and the Clerk gives notice to the defendant(s), who may move to vacate or amend the judgment. Loc. R. 108.1(c)-(d). To enter judgment by confession, the Court must find,

> that the aforesaid documents prima facie establish (1) a voluntary, knowing, and intelligent waiver by the defendant of the right to notice and a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages and (2) a meritorious claim of the plaintiff for liquidated damages against the defendant.

Loc. R. 108.1(b). The Rules of Procedure governing judgments by confession in Maryland state courts "are analogous to this Court's procedures with respect to confessed judgments." *Sager v. Hous. Comm'n*, 855 F. Supp. 2d 524, 560 n.37 (D. Md. 2012). Notably,

> "[j]udgments by confession are not favored in Maryland, because Maryland courts have long recognized that the practice of including in a promissory note a provision authorizing confession of judgment lends itself far too readily to fraud and abuse." *Gambo v. Bank of Md.*, 102 Md. App. 166, 185, 648 A.2d 1105, 1114 (1994) (citation omitted). Therefore, the Maryland Court of Appeals "has made clear that judgments by confession are to be 'freely stricken out on motion to let in defenses.'" *Schlossberg* [*v. Citizens Bank*, 341 Md. 650, 672 A.2d 625, 627 (Md.1996)] (citation and some internal quotation marks omitted). The disfavored status of confessed judgments is also made plain by the many provisions of Maryland law . . . that prohibit the use of confessed judgment clauses in a wide variety of contractual contexts.

3

*Id.* at 554.

In this case, Plaintiff complied with the procedural requirements of Rule 108(a). However, the Instrument, by its terms, does not trigger repayment until "30 days after the date upon which Maker opens to the public." *See* Instrument 1-2, Pl.'s Mem. Ex. A. Plaintiff does not allege that Defendants' night club ever opened. Rather, he attempts to interpret the Instrument with an overlay requirement of commercial reasonableness. *See* Compl. Therefore, the Court cannot enter judgment by confession because the Instrument does not "prima facie establish . . . a meritorious claim of the plaintiff for liquidated damages against the defendant." Loc. R. 108.1(b). On the record before this Court, it would be improper to enter judgment by confession because the clear terms of the Instrument have not been triggered.

### B. Summary Judgment (All Counts)

Moreover, it is clear that the cross-motions for summary judgment must be denied because there are genuine disputes of material fact. Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). When considering cross-motions for summary judgment, the court must consider "each motion . . . individually" and view "the facts relevant to each . . . in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute

4

exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (citing cases). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* at 252.

To be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence. *See* Fed. R. Civ. P. 56(c); *see also Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment); *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."). With regard to documentary evidence, "unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)—that the documents be admissible in evidence." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999) (citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)). The Court considers evidence related to a motion for summary judgment in the light most favorable to the non-moving party, drawing reasonable inferences in its favor. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *see George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 392 (4th Cir. 2009).

### 1. Instrument and 2010 Note (Counts I & II)

Plaintiff seeks to distance himself from the language of the Instrument and the 2010 Note with a gloss of commercial reasonableness. *See* Pl.'s Reply & Opp'n to Cross Mot. 6-7, ECF No. 19. The terms of the Instrument and the 2010 Note each trigger default thirty days after the opening of Defendants' business. *See* Instrument 1-2, Pl.'s Mem. Ex. A; 2010 Note 3-4, Pl.'s Mem. Ex. B. Plaintiff relies upon three material facts, which it claims show that Defendants have exhausted a commercially reasonable period to open the nightclub: 1) Defendants' e-mail referring to the Note as "in default," 2) Defendants' "tacit[] acknowledge[ment] that the failure to open for Business cannot go on forever," and 3) evidence of Defendants' lack of effort to open the business. *See* Pl.'s Mem. 6-7.

Defendants dispute each of these material facts.[1] Defendants argue that the Instrument and 2010 Note are unambiguous, and each triggers repayment thirty days after the nightclub opens. Therefore, when giving the language of these obligations their ordinary meaning, there has been no default. *See* Defs.' Opp'n & Cross Mot. 7-8. Defendants argue that they have made commercially reasonable, diligent, and ongoing efforts. *Id.* at 8 (citing Aff. of Paul Kadlick, Defs.' Opp'n & Cross Mot. Ex. 1, ECF No. 14-1; Aff. of Robert Siegel, Defs.' Opp'n & Cross Mot. Ex. 2, ECF No. 14-2).

The Instrument contains a District of Columbia choice of law clause. *See* Instrument 2, Pl.'s Mem. Ex. A. However, neither the 2010 Note, nor the Security Agreement, contains a

---

[1] The Court notes Plaintiff's mischaracterization of the December 14, 2012 e-mail from Paul Kadlick to Ron Hunt. *See* Pl.'s Reply & Opp'n to Cross Mot. ¶ 12. By its clear terms, the e-mail refers only to the original Note, subject of Maryland State Court proceedings. *See* Defs.' Reply 1-3. The Court cannot imagine an alternative reading in which "original Promissory Note" refers to the Note at issue in this case. Plaintiff's Counsel would be wise in future filings to be aware of Maryland Rule of Professional Conduct 3.3 and its requirement of candor to the Court.

similar clause and both parties cite Maryland law. *Compare* Pl.'s Mem. 19, *with* Defs.' Opp'n & Cross Mot. 7 (both arguing Maryland law). Therefore, the Court will assume, without deciding, that Maryland law applies.

Under Maryland law, a contract where an event triggers repayment can go into default if the event fails to occur within a commercially reasonable amount of time. *Ritz-Craft Corp. v. Stanford Mgmt. Grp.*, 800 F. Supp. 1312, 1318 (D. Md. 1992) ("Upon failure of the event, the law implies a promise to pay within a reasonable time." (citing *Thos. J. Dyer Co. v. Bishop Int'l Eng'g Co.*, 303 F.2d 655, 661 (6th Cir. 1962))). Whether a reasonable amount of time has elapsed depends on the facts of each case, which include the intent of the parties in forming the contract.[2] *Id.* Maryland courts consider the reasonable efforts of the party with the obligation to act. *See Informed Physician v. Blue Cross*, 711 A.2d 1330, 1342 (Md. 1998). The issues of reasonable efforts and the exhaustion of a reasonable amount of time are largely factual and most disputes require a full trial. *See id.*

Plaintiff argues that Defendants have not executed a lease and have not, and cannot financially, complete construction. *See* Pl.'s Mem. 21-22. Defendants argue that they have made reasonable efforts including finalizing lease negotiations, overseeing ongoing construction, and applying for the requisite permits. *See* Kadlick Aff. ¶¶ 4-5; Siegel Aff. ¶¶ 3-8. On the

---

[2] In Exhibit 1 to Plaintiff's Reply, Hunt produces the May 5, 2011 Promissory Note at issue in a separate Maryland state court proceeding, which contains a judgment by confession instrument. *See* May 5, 2011 Promissory Note 4-5, Pl.'s Reply & Opp'n to Cross Mot. Ex. 1, ECF No. 19-1. Defendants are correct that the Exhibit is irrelevant to this matter. *See* Defs.' Reply 1 ("Plaintiff . . . attempts to manufacture questions of fact by introducing a completely separate and unrelated promissory note . . . ."). However, the instrument at issue in that case does specify a specific date after which the instrument is in default. *See* May 5, 2011 Promissory Note 4. This Exhibit may evidence Hunt's ability to draft a proper agreement where default is not left to commercial reasonableness.

7

record before this Court, there is a genuine dispute of material fact and summary judgment for either party would be improper.

### 2. Security Agreement (Count III)

Count III alleges default on the February 11, 2012 Security Agreement, which gives Plaintiff a security interest in ABC License #84241 as collateral on the 2012 Note executed on the same date. *See* Security Agr. 5-6, Pl.'s Mem. Ex. C. The cross-motions for summary judgment as to Count III also must be denied. The resolution of the issue of default by nonpayment is dependent on the resolution of the same issue implicated in Counts I and II. The issue of default by misrepresentation involves a separate genuine dispute of material fact.

#### i. Default by Nonpayment

The Security Agreement serves as collateral to the 2012 Note, which, like the Instrument, provides for a default in the event of nonpayment thirty days after the opening of Defendants' business. *See* Instrument 1-2, Pl.'s Mem. Ex. A; 2010 Note 3-4, Pl.'s Mem. Ex. B; Security Agr. 5-6, Pl.'s Mem. Ex. C. Plaintiff alleges default on the grounds of nonpayment within a commercially reasonable amount of time. *See* Compl. ¶ 28(c). For the same reasons articulated in Section 1 of this Memorandum Opinion, a genuine dispute of material fact exists as to whether Defendants have made reasonable efforts to open their nightclub in a commercially reasonable amount of time. *See Ritz-Craft Corp.*, 800 F. Supp. at 1318 (citing *Thos. J. Dyer Co.*, 303 F.2d at 661). Even if the December 14, 2012 e-mail from Paul Kadlick to Ron Hunt is admissible, it does not establish an admission of default as to the Notes at issue in this case. *Contra* Pl.'s Reply & Opp'n to Cross Mot. ¶¶ 12-13.

### ii. Default by Misrepresentation

Plaintiff seeks summary judgment for damages arising from Defendants' default under Section 3(a) of the Agreement, which provides, "The Debtor shall be in default under this Agreement upon the happening of any of the following: (a) any misrepresentation in connection with this Agreement on the part of the Debtor." *See* Security Agr. 5-6, Pl.'s Mem. Ex. C. Plaintiff claims that Defendants made two material misrepresentations by (1) misrepresenting their leasehold status, and (2) concealing the true purpose of the transaction for the ABC License. *See* Compl. ¶ 28(a)-(b). According to Plaintiff, "Defendants represented at the time they entered into the Security Agreement that the Defendant corporation had a lease for the 'Premises' in which the License was placed." Pl.'s Mem. 20-21. Defendants claim that they were working toward a lease and never represented that such a lease was executed. *See* Kadlick Aff. ¶ 4. No additional evidence is submitted by either party regarding the leasehold interests. Therefore, there is a genuine dispute of material fact as to whether this representation ever was made.

Next, Plaintiff accuses Defendants of misrepresenting that the ABC License was an asset in a bankruptcy proceeding at the time it was acquired by the Plaintiff. *See* Compl. ¶ 28(b). Plaintiff claims this misrepresentation was material. *See, e.g.,* Pl.'s Mem. 21.

Defendants do not dispute the representation directly, but instead argue that (1) they corrected any incorrect representation immediately, (2) the incorrect representation was part of a separate and discreet transaction involving a third party, and (3) no misrepresentation was made regarding the transaction underlying the Security Agreement, meaning they could not have defaulted on the Security Agreement through the confusion as to the bankruptcy status of the License. *See* Defs.' Opp'n & Cross Mot. 3; Kadlick Aff. ¶ 6.

Plaintiff does not rebut Defendants' arguments in his Reply. *See* Pl.'s Reply & Opp'n to Cross Mot. Additionally, assuming such a misrepresentation was made, the Hunt Affidavit does not establish its materiality simply by concluding materiality without any factual basis. *See* Hunt Aff. ¶ 6. Genuine disputes of material fact exist regarding whether any misrepresentation was made with respect to the relevant transaction and whether the misrepresentation, if made, was material. Accordingly, on the record before this Court, summary judgment on Count III is improper.

### III. CONCLUSION

A judgment by confession as to Count I is inappropriate under the Local Rules. Plaintiff's request for entry of a judgment by confession is, therefore, denied. Plaintiff's Supplemental Motion for Summary Judgment as to Counts II & III shall be denied without prejudice, subject to being reasserted at the conclusion of discovery, if appropriate. Defendants' Cross Motion for Summary Judgment as to All Counts shall be denied, also without prejudice, subject to being reasserted at the conclusion of discovery, if appropriate. This case shall proceed to discovery and the parties shall file a joint amended pretrial schedule for approval within fourteen (14) days. The Court will refer this case to a magistrate judge for a settlement conference.

A separate order shall issue.

Dated: <u>August 29, 2013</u>　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

jwr